# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re: NILHAN FINANCIAL, LLC,

    Debtor.

_____

CHITTRANJAN THAKKAR,

    Appellant,

v.                                                                       CASE NO. 8:19-cv-2369-T-02
                                                                              (Bankr. Case No. 8:17-bk-3597-MGW)

NEJAME LAW, P.A.,

    Appellee,

_____/

## ORDER

Appellant, Chittranjan Thakkar ("C. Thakkar"), challenges the bankruptcy court's order overruling his objection to the proof of claim filed by Appellee, Nejame Law, P.A. ("Nejame Law"), for legal fees. Dkt. 6-2.[1] After consideration of the briefs, applicable law, and record on appeal, the Court dismisses the case.

Appellee filed the proof of claim at issue in the underlying converted Chapter 7 case of the debtor Nilhan Financial, LLC ("Nilhan Financial"). Dkt. 6-31. The claim represents the outstanding balance of Appellee's pre-petition legal

---

[1] Appellant also appeals the order denying the motion for reconsideration. Dkt. 6-3.

fees in the amount of $96,348.84. *Id*. The fees were incurred for the 2013 representation in two complex state court cases against the debtor Nilhan Financial, Appellant C. Thakkar, and other related entities. The issues focus on the viability of the settlement of the breached, initial, written fee-agreement.

## Background

In March 2013, a fee arrangement was entered into between Appellee Nejame Law and Appellant C. Thakkar, who signed the engagement letter individually and as the agent of six companies including the debtor Nilhan Financial.[2] Dkt. 6-13 at 7. The engagement letter, or fee-arrangement contract, specifically covered legal representation in the defense of two state court lawsuits, threatening millions of dollars' exposure, brought against C. Thakkar and his related companies. *Id*.

Nejame Law received a retainer and several payments on their invoices. At some point over the course of the eight-month representation, the payments ceased. The parties exchanged emails concerning the settlement of outstanding invoices owed Nejame Law, with a significant portion of the fees subject to write-off. The

---

[2] C. Thakkar signed as agent for Nilhan Financial (the debtor here); Nilhan Hospitality, LLC; Niloy & Rohan, LLC; Niloy, Inc. d/b/a DCT Systems; NCT Systems, Inc.; and Orlando Gateway Partners, LLC ("Orlando Gateway" or "OGP"). OGP filed for bankruptcy under Chapter 11 in June 2013, and the bankruptcy was dismissed in September 2013. *See* Dkt. 9 at 41–43; *In re Orlando Gateway Partners, LLC*., No. 6:13-bk-7056-KSJ.

pertinent written communications begin with the following material terms as written by a representative of C. Thakkar on November 8, 2013:

> Nejame will not pursue recovery of the outstanding fees;
> Thakkar will issue payment of $20,000 today to Nejame; &
> Nejame will provide reasonable transition assistance [to Thakkar's new counsel] to address the current outstanding issues . . .
> . . . .
> Once confirmation is established, the parties will execute mutual releases of any issues arising from the representation.

Dkt. 6-37 at 3–4. The parties' correspondence continues to outline the detailed steps and contingencies necessary to transfer representation. Dkt. 6-37 at 1–2. C. Thakkar paid the $20,000 but did not sign the release. Dkt. 6-40 at 2.

Over the ten days that followed, C. Thakkar and his representative placed additional conditions on the already implemented transition, while refusing to sign the mutual release. On November 18, 2013, Nejame Law reiterated the terms of the settlement:

> When the release is signed, returned, we will work with you and your new counsel on additional transition items, but you have failed to honor the agreement that was reached regarding signing off the release that OGP prepared.

Dkt. 6-38 at 3.

The next day Nejame Law sent the following notice when it became evident C. Thakkar would not sign the release:

> The mutual release remains unsigned [by C. Thakkar]. Hence, you have an outstanding obligation to our firm of approximately $80,000.

3

>A final bill will be sent and collection efforts commenced. Once again you have reneged on your word.

Dkt. 6-39 at 2. On December 4, 2013, Nejame Law confirmed their intention to seek the past due fee based on C. Thakkar's failure to sign the release:

>At this juncture, we have fully complied with our agreement. We have not received the release from [C. Thakkar]. Therefore, Nejame Law reserves the right to proceed to seek full fees that are due and owing the firm. We consider our obligations to OGP and the related persons/entities satisfied and that your new counsel will have the ability to obtain any additional documents as outlined above. We have turned over tens of thousands of pages of documents by hard copy, disk and email to OGP and/or its current attorneys. By this email, Nejame Law asserts that it has no further obligations to OGP, [C. Thakkar] or any of the related entities.

Dkt. 6-40 at 2.[3] Days later C. Thakkar held that he "never agreed to the release." *Id*.

In 2017 Nejame Law filed a timely proof of claim for their fees of almost $100,000 in Nilhan Financial's bankruptcy case. Dkt. 6-31. Niloy Thakkar ("N. Thakkar"), who is C. Thakkar's son, filed an objection to the claim, in which C.

---

[3] Nilhan Financial is one of the related entities as established in the original fee contract.

Thakkar later joined. Dkts. 6-6, 6-8.[4] The objection proceeded to trial, and the court ruled from the bench after considering all the evidence.[5]

In allowing the claim, the bankruptcy court declared 1) the defense of judicial estoppel inapplicable[6] and 2) the parties never consummated the agreement reached to settle or satisfy the outstanding fees.[7] Dkt. 9 at 148–151. The bankruptcy court explained the mutual release was a critical term of the November 2013 settlement agreement as follows:

---

[4] Prior to filing the objection, C. Thakkar received twenty percent ownership in the debtor. Before the transfer, Nilhan Financial was owned fifty percent by N. Thakkar and fifty percent by Rohan Thakkar who were brothers. Appellee represents this information is contained in an affidavit filed in the bankruptcy case. Dkt. 6-5 at 52 (bankruptcy case docket page showing affidavit of N. Thakkar filed at docket 285). That document is not a part of this record on appeal, nor was it offered as evidence before the bankruptcy court at trial.

[5] The evidence before the court consisted of the following: the engagement letter of March 2013 identifying the clients; the fee invoices showing the amounts past due and the amount remaining after a write-off; the November 2013 email correspondence showing the agreement reached to settle the prior obligation; and the testimony of C. Thakkar regarding invoices sent after November 2013 showing a zero balance and his understanding of the settlement agreement. Dkt. 9 at 50–132.

[6] C. Thakkar attempted to introduce pleadings from OGP's bankruptcy to establish that Nejame Law took inconsistent positions in the two bankruptcy cases. Dkt. 9 at 44–51. C. Thakkar argued Nejame Law, as counsel for OGP, denied they had any interest in or adverse to OGP or Nilhan Financial and denied that they were owed any pre-petition money from OGP or Nilhan Financial. Dkt. 9 at 44–45. This argument fails, however, because the OGP bankruptcy was filed before the debt reflected in the outstanding claim in these underlying proceedings even existed. Apart from this observation, the documents were duly excluded based on Thakkar's failure to place them on his exhibit list. Dkt. 9 at 51–52. The bankruptcy court thereafter ruled on the merits of the judicial estoppel argument and found there was "nothing in evidence showing inconsistent statements made in the filings in the bankruptcy case [of OGB]" with the statements made in the Nilhan Financial bankruptcy. Dkt. 9 at 151–152.

[7] *See Martinez v. S. Bayshore Tower, LLLC*, 979 So. 2d 1023, 1024 (Fla. 3d DCA 2008) (stating elements of accord and satisfaction as 1) a mutual agreement to settle an existing debt and 2) performance by satisfying the new obligation). It is the satisfaction of the settlement agreement that discharges the prior debt.

> It is inconceivable . . . that any law firm would enter into an agreement like this without mutual releases. . . . And throughout the course of dealing here, the Nejame law firm always said: We need a release. And Mr. Thakkar agreed to the material terms: he agreed to the transition. Of course, he agreed to reduce the balance by $80,000. But the Nejame law firm wasn't reducing the balance and writing off 80,000 for nothing. They were owed the money. . . . Agreed to the transition, which they did not get paid for, and they were going to get a release. Why else would they have done that if it weren't for the release?

Dkt. 9 at 148–149. The bankruptcy court essentially ruled C. Thakkar's failure to perform a material term of settlement in not signing the mutual release left the prior obligation enforceable. The debt for Nejame Law's legal fees pursuant to the original engagement letter remains outstanding.

## Issues on Appeal

The issues are whether the bankruptcy court erred in finding the defenses of accord and satisfaction and judicial estoppel lacked merit. Appellee raises the issue of Appellant's standing in its answer brief. Appellant did not file a reply brief and the time for doing so has passed.

## Standard of Review

In a bankruptcy appeal, a district court reviews the bankruptcy court's findings of fact for clear error and reviews conclusions of law *de novo*. *In re Englander*, 95 F.3d 1028, 1030 (11th Cir. 1996) (citing Bankr. R. 8013). Due deference must be given to the judgment of the bankruptcy court regarding witness credibility. *Id*. A factual finding is not clearly erroneous unless, after reviewing

the evidence, this Court is "left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948); *Lykes Bros., Inc. v. U. S. Army Corps of Engr's*, 64 F.3d 630, 634 (11th Cir. 1995) (quoting *Gypsum*).

## Analysis

As a threshold matter, Appellant's standing must be determined before addressing the merits. Standing to appeal an order of the bankruptcy court is governed by the "person aggrieved" doctrine. *Thakkar v. Bay Point Capital Partners, LP (In re Bay Point Advisors, LLC)*, 955 F.3d 874 (11th Cir. 2020). Aggrieved persons must have "a direct and substantial interest in the question being appealed." *Id*. at 879 (quoting *Atkinson v. Ernie Haire Ford, Inc.* (*In re Ernie Haire Ford, Inc*.), 764 F.3d 1321, 1325 (11th Cir. 2014)). The order must "directly, adversely, and pecuniarily" affect the persons by "diminish[ing] their property, increas[ing] their burdens, or impair[ing] their rights." *Id*. (quoting *Ernie Haire Ford*, 764 F.3d at 1325).

In a related appeal of an allowed claim for outstanding legal fees in the very same debtor's bankruptcy case, and just days after the answer brief was filed in the instant appeal, another judge in this district decided C. Thakkar lacked standing. *Thakkar v. Greenspoon Marder, P.A.*, 614 B.R. 379 (M.D. Fla. 2020), *appeal docketed*, No. 20-11068 (11th Cir. Mar. 17, 2020). Greenspoon Marder, like

Nejame Law, is just one of several law firms that took over C. Thakkar's pre-petition representation. In *Greenspoon Marder*, Judge Covington found that C. Thakkar as a member of a limited liability company, like the debtor, is not a person aggrieved. *Greenspoon Marder* provides a thorough discussion of authorities and aptly concludes C. Thakkar holds no ownership interest as a member in a limited liability company under Florida law, and therefore lacks standing to appeal.

The Court adopts the reasoning and analysis of its sister court in *Greenspoon Marder* to the orders here under review. C. Thakkar has not established that he is directly, adversely, or pecuniarily affected by the appealed orders, and consequently is not a person aggrieved.

Having determined C. Thakkar lacks standing, this Court is not at liberty to rule on the merits. *Id.* at 385 (citing *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005)). *Bochese* cautions that "a court is not free to opine in an advisory capacity about the merits" absent standing). Accordingly, this appeal is dismissed for lack of jurisdiction.

APPEAL DISMISSED.

**DONE AND ORDERED** at Tampa, Florida, on July 13, 2020.

*s/William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**